UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

BIRDA TROLLINGER, VIRGINIA )
BRAVO, KELLY KESSINGER, )
IDOYNIA MCCOY, REGINA LEE, )
PATRICIA MIMS, LORI WINDHAM )
and ALEXANDER HOWLETT, )
individually and on behalf of all others )
similarly situated )
)
          Plaintiffs, )
)
v. )
)
TYSON FOODS, INC., JOHN TYSON, )
ARCHIBALD SCHAFFER III, RICHARD, )    No. 4:02-CV-23
BOND, KENNETH KIMBRO, GREG )
LEE, KAREN PERCIVAL, AHRAZUE )    Chief Judge Curtis L. Collier
WILT and TIM MCCOY, )
)
          Defendants. )

## MEMORANDUM

Defendants Tyson Foods, Inc. and several named officers or employees[1] seek an extraordinary action from the Court, that is, they seek to have the Court certify a previous decision for an interlocutory appeal. Such actions on the part of the district courts are highly disfavored. In seeking this disfavored, extraordinary action, the party making such a request should advance strong factual and legal grounds for the request. Such compelling grounds are absent in this case so the Court will not accede to Tyson's request. Accordingly, the Court will **DENY** Defendants' motion.

---

[1] Defendants in this case are Tyson Foods, Inc., John Tyson, Archibald Schaffer III, Richard Bond, Kenneth Kimbro, Greg Lee, Karen Percival, Ahrazue Wilt, and Tim McCoy. For the sake of brevity, the Court in this opinion will refer to the defendants collectively as Defendants or Tyson.

## I.     PROCEDURAL HISTORY

On September 21, 2006 Tyson filed a "Motion for Amendment of the Court's Order on Defendants' Motion for Judgment on the Pleadings to Permit Interlocutory Appeal" with an accompanying memorandum (Court File No. 175, 176). Defendants' motion requests the Court to amend its August 16, 2006 bench ruling[2] to include language which would permit Defendants to seek an interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

This case was filed on April 2, 2002, over four years ago (Complaint, Court File No. 1). Even though it has been on the Court's docket for over four years, it is still in the pretrial stage. Upon Defendants' motion, the case was dismissed previously (Court File No. 22). After review on appeal, the dismissal was reversed on June 7, 2004 (Court File No. 25; *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004)) and the case returned to this Court's docket. Tyson filed a second motion for judgment on the pleadings (Court File No. 162) on July 14, 2006. With respect to this motion the Court heard oral arguments on August 14, 2006 and rendered an oral decision from the bench immediately after the arguments (Court File No. 171).

For purposes of this motion, the Court does not deem it necessary to state any additional facts. In the Memorandum (Court File No. 174) explaining the reasoning supporting its decision on the Defendants' motion for judgment on the pleadings (the September memorandum) the Court previously summarized the relevant facts. The Court will refer to the facts stated in that memorandum as necessary and will refer interested readers to that memorandum.

---

[2]The Court decided the motion for judgment on the pleadings orally from the bench at the conclusion of the August 16, 2006 oral argument. Afterward, the Court issued a written memorandum that merely elaborated on its oral decision on September 18, 2006. Therefore, although Defendants' motion requests amendment of the September 18, 2006 "order", the Defendants actually seek to amend the Court's August 16, 2006 oral decision from the bench.

As the Court stated earlier, extensive pleadings have been filed in this case and a substantial amount of time has passed since the Plaintiffs[3] filed their suit. Because of the age of this case and the continuing burdens placed on the parties both in terms of the expenditure of considerable sums and the commitment of extensive efforts in the litigation thus far, it is necessary to ensure this case moves forward expeditiously. However, the Court is not of the opinion delaying this case further to enable Defendants to obtain an advance ruling from the appellate court so as to "avoid a considerable expenditure of resources by the Court and the parties" in further proceedings (Court File No. 176, Defendant's Memorandum of Law in Support of Motion to Amend Order, p. 5) would be a prudent course of action to take. Moreover, for the reasons given in its oral decision, as well as the authority of the recently decided case of *Williams v. Mohawk Industries, Inc*., --- F.3d ----, No. 04-13740 (11th Cir. Sept. 27, 2006), the Court is not of the opinion Defendants' effort would be fruitful.

## II. STANDARD OF REVIEW

As a threshold matter, the Court notes interlocutory appeals in the federal system are disfavored. *See Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981); *Sinclair v. Schriber*, 834 F.2d 103, 105 (6th Cir.1987). With certain very limited exceptions, appeals from district courts are restricted to the final judgments of such courts. *Sinclair*, 834 F.2d at 104. This requirement, often referred to as the final judgment rule, is embodied in statute, 28 U.S.C. § 1291. The final judgment rule reduces the points of error which must be reviewed to those that are

---

[3]Named plaintiffs in this case are Birda Trollinger, Virginia Bravo, Kelly Kessinger, Idoynia McCoy, Regina Lee, Patricia Mims, Lori Windham and Alexander Howlett. For brevity's sake, the Court will refer to them as "Plaintiffs."

3

material to the actual result, and provides efficiency by consolidating all grounds for appeal into a single action. *Coming Up v. City and County of San Francisco*, 857 F. Supp. 711, 718 (N.D.Cal.1994). Exceptions to this rule exist but typically require extraordinary circumstances. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis, (In re City of Memphis)*, 293 F.3d 345, 350 (6th Cir. 2002)(noting "review under § 1292(b) is granted sparingly and only in exceptional cases"); *General Acquisition, Inc. v. GenCorp*, 23 F.3d 1022, 1026 (6th Cir. 1994). Moreover, the party seeking an interlocutory appeal has the burden of showing that exceptional circumstances exist warranting an interlocutory appeal. *Judicial Watch, Inc. v. National Energy Policy Development Group,* 233 F. Supp. 2d 16, 20 (D.D.C. 2002); *Coming Up,* 857 F. Supp. at 718.

The United States Court of Appeals for the Sixth Circuit ( the "Sixth Circuit") has repeatedly explained "Congress intended that Section 1292(b) should be sparingly applied." *Cardwell v. Chesapeake & O. R. Co.*, 504 F.2d 444, 446 (6th Cir. 1974) (citing *Kraus v. Board of County Comm'rs*, 364 F.2d 919, 922 (6th Cir. 1966)). Section 1292(b) is "to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Id.* The Supreme Court of the United States (the "Supreme Court") in *Firestone*, in discussing the final judgment rule, enunciated some of the policy reasons for ordinarily disfavoring interlocutory appeals:

> This rule, that a party must ordinarily raise all claims of error in a single appeal following final judgment on the merits, serves a number of important purposes. It emphasizes the deference that appellate courts owe to the trial judge as the individual initially called upon to decide the many questions of law and fact that occur in the course of a trial. Permitting piecemeal appeals would undermine the independence of the district judge, as well as the special role that individual plays in our judicial system. In addition, the rule is in accordance with the sensible policy of "avoid[ing] the obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise, from its initiation to entry of judgment."

*Firestone*, 449 U.S. at 374 (citations omitted). Also, the rule serves the important purpose of "promoting efficient judicial administration." *Id.*

In the first instance, the obligation rests upon the district judge to decide matters before him. Attractive as it may be to refer difficult matters to a higher court for advance decision, such a course of action is contrary to our system of jurisprudence. *General Acquisition,* 23 F.3d at 1026; *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1025 (2nd Cir. 1992). Only in clearly delineated circumstances may a district court judge certify decisions for immediate appeal. *General Acquisition*, 23 F.3d at 1026-31.

### III. DISCUSSION

Defendants seek the extraordinary and disfavored relief of an interlocutory appeal by asking the Court to amend its August bench ruling to include language which would permit Defendants to seek an appeal pursuant to 28 U.S.C. § 1292(b). Defendants request the Court "amend its 9/18/06 Order to recognize that § 1292(b)'s criteria are met and grant permission for Defendants to petition the Sixth Circuit for an interlocutory appeal." In support of its motion, Defendants filed a memorandum of law, the thrust of which is Defendants' contention that an interlocutory appeal "will address a 'controlling question of law' about which there is 'substantial ground for difference of

opinion' and the immediate appeal of which could 'materially advance the ultimate termination of this litigation.'" (Court File No. 176 at 2).

Section 1292(b) provides in pertinent part as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Cases applying 28 U.S.C. § 1292(b) have listed three criteria that must be satisfied to warrant an interlocutory appeal: (1) does the question involve a controlling issue of law (2) as to which there is a substantial ground for difference of opinion (3) that immediate appeal may materially advance ultimate termination of the litigation. *In re Baker & Getty Financial Services, Inc.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

Tyson argues an interlocutory decision from the Sixth Circuit would entirely dispose of this case by deciding "whether the chain of causation asserted in this RICO Complaint meets the pleading standard set forth in the recent decision of *Anza v. Ideal Steel Supply Corp.*, 126 S. Ct. 1991 (2006)." Tyson also quotes from the Court's September Memorandum that Tyson's reading of *Anza* was plausible. In making this statement, the Court also stated Tyson's reading was not the only reading nor was it the most plausible reading. Unfortunately for Tyson, the Sixth Circuit has already addressed all of its arguments in the Sixth Circuit's previous decision in the case.[4] The circuit court's opinion, although issued prior to *Anza,* presaged that opinion. As the Court noted in its oral decision, the circuit decision addressed each issue considered in *Anza* and reached the same result as did the Supreme Court.

---

[4]*Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602 (6th Cir. 2004).

Although the Court did not have the benefit of the Eleventh Circuit's recent decision in *Williams v. Mohawk*, to the extent there may have remained some question regarding the correctness of the circuit court's *Trollinger* opinion, those questions should have been extinguished by *Williams*. In *Williams*, the Eleventh Circuit panel did have the benefit of *Anza*. The panel, with *Anza* in mind, analyzed the exact arguments made by Tyson in this case and rejected those arguments. With the benefit of *Anza*, the court considered the *Trollinger* decision and concluded the Sixth Circuit had reached the correct result. In *Williams*, the court quoted with approval the same language from *Trollinger* this Court quoted in its oral decision. *Williams,* slip op. at 27. The court concluded its analysis of the proximate cause requirement by stating "we join the Sixth and Ninth Circuits in concluding that employees such as the one in this case have alleged sufficient proximate cause to proceed with their RICO claims." *Id.* at 27-28.

Notwithstanding the quoted language from this Court's decision regarding the plausibility of Tyson's reading of the *Anza* opinion, the Court, based upon its own analysis as well as the Eleventh Circuit's analysis of the same issue, does not think that this issue involves a controlling question of law as to which there is substantial ground for difference of opinion. As stated by the court in *Williams,* both the Sixth and Eleventh Circuits have issued opinions adverse to the position advocated by Tyson. This Court took the same approach. Defendants have not offered, and the Court has been unable to locate, any decisions that support their position.

Moreover, their request for extraordinary relief also fails the second prong of the standard. Given the length of time this case has been open on the Court's docket, that in essence Defendants would be asking the Sixth Circuit to reverse its earlier decision, and the paucity of authority in support of Defendants' position, the Court does not see that an interlocutory appeal would materially

advance the ultimate termination of the litigation. In fact, the likelihood is just the opposite would result, that is, substantial delay. As such, granting such a request would fail to promote efficient judicial administration. Further, allowing an interlocutory appeal would frustrate the policy behind the final judgment rule by creating "an obstruction to just claims that would come from permitting the harassment and cost of a succession of separate appeals from the various rulings to which a litigation may give rise." *Firestone*, 449 U.S. at 374.

## IV. CONCLUSION

For the above reasons, the Court will **DENY** Defendants' Motion for Amendment of the Court's Order on Defendants' Motion for Judgment on the Pleadings to Permit Interlocutory Appeal (Court File No. 175).

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**