UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDOYNIA MCCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated<br><br>                    Plaintiffs,<br><br>v.<br><br>TYSON FOODS, INC., JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD, BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT and TIM MCCOY,<br><br>                    Defendants. | No. 4:02-CV-23<br><br>Chief Judge Curtis L. Collier |

**<u>ORDER</u>**

Before the Court is Defendants Tyson Foods, Inc., John Tyson, Archibald Schaffer III, Richard Bond, Kenneth Kimbro, Greg Lee, Karen Percival, Ahrazue Wilt, and Tim McCoy's (collectively "Defendants") motion to stay discovery (Court File No. 261). Defendants filed a memorandum in support of this motion (Court File No. 262), arguing their motion to dismiss (Court File No. 259), if granted, will dispose of all of Plaintiffs Birda Trollinger, Virginia Bravo, Kelly Kessinger, Idoynia McCoy, Regina Lee, Patricia Mims, Lori Windham and Alexander Howlett's (collectively "Plaintiffs") claims, and the United States Court of Appeals for the Sixth Circuit has determined Defendants' Petition for Permission to Appeal the class certification decision raises issues that merit consideration by a hearing panel. Defendants contend it is a more prudent and efficient use of resources to stay discovery until these issues are resolved. Plaintiffs have not filed a response.

As noted by Defendants in the background section of their memorandum, the complaint in this case was filed on April 2, 2002, which means this case has been pending for almost five years. Under ordinary circumstances, the Court would try to resolve a motion to dismiss before the parties engage in discovery so as to relieve the parties of spending resources on a case that may inevitably be dismissed. However, it is clear this is an extraordinary case. If the Court were to stay discovery pending the resolution of the aforementioned matters, it would inevitably result in a continuance of the trial, which would lead to further delay in resolving a case that has been already been pending for several years. While the Court sympathizes with Defendants' concern of engaging in discovery on a case that may later be dismissed, the circumstances surrounding the background of this case do not warrant a stay. In fact, they warrant pushing this case forward. However, to alleviate Defendants' concerns, the Court will try to resolve the motion to dismiss as expeditiously as possible once it becomes ripe for the Court's review. The Court cannot speak as to how quickly the Sixth Circuit will resolve Defendants' appeal of the class certification decision.

For the above reasons, the Court **DENIES** Defendants' motion to stay of discovery (Court File No. 261).

**SO ORDERED.**

**ENTER:**

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**