UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| BIRDA TROLLINGER, VIRGINIA BRAVO, KELLY KESSINGER, IDONYNIA MCCOY, REGINA LEE, PATRICIA MIMS, LORI WINDHAM, and ALEXANDER HOWLETT, individually and on behalf of all others similarly situated, Plaintiffs, | ) ) ) ) ) ) ) ) | No. 4:02-cv-23 |
| v. | ) ) | Edgar/Carter |
| TYSON FOODS, INC., JOHN TYSON, ARCHIBALD SCHAFFER III, RICHARD BOND, KENNETH KIMBRO, GREG LEE, KAREN PERCIVAL, AHRAZUE WILT, TIM MCCOY, Defendants. | ) ) ) ) ) ) | |

MEMORANDUM AND ORDER

  Plaintiffs and defendants have been in disagreement for some time over the plaintiffs' right under the discovery rules to obtain unredacted copies of the Tyson Board of Directors' minutes ("Minutes"). Defendants assert that portions of the Minutes are protected by the attorney-client privilege and that most of the Minutes are irrelevant to the issues in this case.

  Plaintiffs have moved the Court to conduct an *in camera* review of the Tyson Board of Directors' Minutes (Doc. No. 238). Defendants have agreed to the *in camera* review and have submitted the Minutes from April 17, 1998 to May 5, 2005. Of the 33 pages in the Minutes which had some material redacted, only 10 pages contain any information relevant to the issues in this case. Of that material, most constitutes a very brief statement that the Directors were informed of or discussed a particular subject. There was almost no elaboration into the facts of

1

the particular subject or into advice given by counsel on the particular subject. Defendants have asserted the attorney-client privilege as to these portions of the Minutes because the Minutes indicate the Directors were briefed about the subject by an attorney. As previously stated, the Minutes generally provide no detail about those briefings. The Court is now faced with the following question: Do these very short references in the Minutes to the fact that an attorney briefed the Directors on a particular subject, without revealing any of the details of that subject or the advice given, merit protection by the attorney-client privilege?

Subject matter jurisdiction in the instant case is based upon 28 U.S.C. §1331, federal question jurisdiction. Questions of privilege are to be determined by federal common law in federal question cases. *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998). *See also* Fed. R. Evid. 501.

Under federal common law, as interpreted by the Sixth Circuit, the elements of the attorney-client privilege are:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to the purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Id., Fausek v. White*, 965 F.2d 126, 129 (6th Cir. 1992) (citing *United States v. Goldfarb*, 328 F.2d 280, 281 (6th Cir. 1964)). The burden of establishing the attorney-client privilege rests with the person asserting it. *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999); *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983), *cert. denied*, 467 U.S. 1246 (1984). Because the assertion of the attorney-client privilege withholds relevant information to the fact finder, it is narrowly construed and applied only where necessary to achieve its purpose

of protecting client communications essential to obtain legal advice. *Fisher v. United States*, 425 U.S. 391, 403 (1976); *see also*, *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997) ("the [attorney-client] privilege is narrowly construed because it reduces the amount of information discoverable during the course of a lawsuit.") Consistent with the purpose of the attorney-client privilege and its narrow construction, in order for the privilege to apply, "[t]he communication must involve confidential information furnished by the client. Information learned from other sources is not privileged." *In re Southern Industrial Banking Corp.*, 35 B.R. 643, 647 (Bankr. E.D. TN 1983) (internal citations omitted). *See also*, *Goldfarb,* 328 F.2d at 282 ("Communications made to an attorney in the course of his professional employment by persons other than the client or his agent are not privileged.")

The attorney-client privilege does not protect "the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of the employment." *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1218 (6th Cir. 1985); *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000) ("The identity of the client, the amount of the fee, the identification of payment by case name, and the general purpose of the work performed are usually not protected by the attorney-client privilege because such information ordinarily reveals no confidential professional communications between attorney and client") (internal citations omitted); *Leach v. Quality Health Services,* 162 F.R.D. 499, 501-02 (E.D. Pa.1995) (the attorney's name, the client's name, the general matter being worked on, and the date and time of services rendered are unprotected, but a description of the actual legal services performed is.)

Therefore, I conclude a simple statement in the Minutes that the Directors were briefed by an attorney or discussed a matter raised by an attorney, without more, is not protected by the

attorney-client privilege.

Accordingly, it is ORDERED defendants shall **not** redact in the Minutes references to the fact that the Board of Directors were briefed regarding or discussed any subject concerning the Immigration and Naturalization Service (or INS), a pending trial in Chattanooga, the United States Attorney's Office for the Eastern District of Tennessee, and the Immigration and Naturalization Act, in the following Minutes:

- August 11, 2000 Minutes at page 3,
- January 12, 2001 Minutes at page 19,
- May 4, 2001 Minutes at page 2,
- November 30, 2001 Minutes at page 6,
- August 2, 2002 Minutes at page 3,
- November 15, 2002 Minutes at page 5,
- February 27, 2003 Minutes at page 2.

The following Minutes require more specific treatment:

*January 31, 2002, Exhibit A*

Only paragraph 1 under the heading "Criminal Investigations" contains any information which might be relevant to this case. Paragraph 1 does not appear to contain confidential client communications and should not be redacted. The rest of Exhibit A may be redacted as it is entirely irrelevant to the issues in this case.

*August 3, 2001, at Page 15*

The first full sentence of the first paragraph of this page should not be redacted. The remaining portion of this paragraph may be redacted as it contains confidential client communications.

*November 17, 2000, at Page 3, the Paragraph Entitled "INS Report"*

The first full sentence of this paragraph shall not be redacted. Defendants may redact the

remaining portion of the paragraph as it contains material revealing confidential client communications.

Unless otherwise specifically indicated in this Memorandum and Order, the defendants may continue to redact those portions of the Minutes already redacted in the documents submitted for *in camera* review.

SO ORDERED.

ENTER:

                                            s/William B. Mitchell Carter
                                            UNITED STATES MAGISTRATE JUDGE