UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

BIRDA TROLLINGER, VIRGINIA )
BRAVO, KELLY KESSINGER, )
IDOYNIA MCCOY, REGINA LEE, )
PATRICIA MIMS, LORI WINDHAM )
and ALEXANDER HOWLETT, )
individually and on behalf of all others )
similarly situated )
)
          Plaintiffs, )
)
          v. )
)
TYSON FOODS, INC., JOHN TYSON, )
ARCHIBALD SCHAFFER III, RICHARD, )    No. 4:02-CV-23
BOND, KENNETH KIMBRO, GREG )
LEE, KAREN PERCIVAL, AHRAZUE )    Chief Judge Curtis L. Collier
WILT and TIM MCCOY, )
)
          Defendants. )

## **MEMORANDUM**

Before the Court are the following motions for summary judgment filed by Plaintiffs Birda Trollinger, Virginia Bravo, Kelly Kessinger, Idoynia McCoy, Regina Lee, Patricia Mims, Lori Windham and Alexander Howlett (collectively "Plaintiffs"):

1. Plaintiffs' Motion for Summary Judgment as to all Defendants' First Affirmative Defense to the Second Amended Complaint (estoppel) (Court File No. 186).

2. Plaintiffs' Motion for Summary Judgment as to all Defendants' First Affirmative Defense to the Second Amended Complaint (statute of limitation) (Court File No. 188)[1].

---

[1]Defendants concede that summary judgment is appropriate as to the statute of limitations affirmative defense. "In light of Judge Edgar's prior ruling on defendants' motion for summary judgment as to two of the named plaintiffs under a statute of limitations theory, . . . defendants do not dispute that this affirmative defense is unavailable as to those plaintiffs who were employed by Tyson during the class period." (Court File No. 201, Defendants' Consolidated Memorandum in Opposition to Plaintiffs' Motions For Summary Judgment ("Def.'s Memo"), at 1, n.1).

3. Plaintiffs' Motion for Summary Judgment as to all Defendants' First Affirmative Defense to the Second Amended Complaint (scope of employment) (Court File No. 190).

Plaintiffs filed memorandums in support of their motions (Court File Nos. 187, 189, 191). Defendants Tyson Foods, Inc., John Tyson, Archibald Schaffer III, Richard Bond, Kenneth Kimbro, Greg Lee, Karen Percival, Ahrazue Wilt, and Tim McCoy (collectively, "Defendants" or "Tyson") filed a consolidated memorandum in opposition to the motions (Court File No. 201).[2]

After carefully considering the arguments of counsel and the applicable law, the Court will **GRANT** Plaintiffs' motions for summary judgment on Defendants' estoppel and statute of limitations affirmative defenses (Court File Nos. 186 and 188) and **GRANT IN PART AND DENY IN PART** Plaintiffs' motion for summary judgment on Defendants' scope of employment affirmative defense (Court File No. 190).

## I. PROCEDURAL BACKGROUND

This case commenced with Plaintiffs' complaint filed on April 2, 2002 (Court File No. 1). Subsequently, Plaintiffs filed amended complaints with the latest filed on June 24, 2005[3] (Court File No. 3, Plaintiffs' First Amended Complaint; Court File No. 115, Plaintiffs' Second Amended Complaint). On August 11, 2005, Defendants filed their answers to the Amended Complaint ("Answer") (Court File Nos. 117, 128-135).

---

[2]Discovery in this case is ongoing. The Court recently held a Management Conference in the case and set discovery deadlines. Even though discovery is not yet complete, no party has asked the Court to delay ruling on these motions pursuant to Fed. R. Civ. P. 56(f).

[3]The Court will simply refer to the latest filed complaint as "Complaint."

In their answers, Defendants assert three affirmative defenses: (1) Plaintiffs' claims are barred by the doctrine of estoppel; (2) Plaintiffs' claims are barred by the statute of limitations; and (3) to the extent any wrongdoing or violation of the law was committed by individuals, such wrongdoing or violations of the law were committed by employees acting outside the scope of their employment and was inconsistent with Tyson's corporate policy.

In their summary judgment motions, Plaintiffs argue they are entitled to summary judgment as to the estoppel affirmative defense because this defense is not available in cases brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 et seq., and Defendants have produced no evidence to support that defense. As to the statute of limitations affirmative defense, Plaintiffs claim summary judgment is proper because the "separate accrual rule" precludes application of the statute of limitations. Finally, Plaintiffs argue they are entitled to summary judgment on Defendants' scope of employment affirmative defense because Defendants have produced no evidence to support that defense, and even if there is some evidence to support such a defense, the individual defendants are not entitled to summary judgment because they are liable for their own individual actions.

Because Defendants do not dispute the second affirmative defense is inapplicable, the Court need not discuss the defense at any length.

## II.    STANDARD OF REVIEW

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.

Civ. P. 56(c). Initially, the burden is on the moving party to conclusively show no genuine issues of material fact exist, *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003), and the Court must view the evidence and draw all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88, (1986). However, the nonmoving party is not entitled to a trial merely on the basis of allegations, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Id.* at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Weaver v. Shadoan*, 340 F.3d 398, 405 (6th Cir. 2003). The standard for summary judgment mirrors the standard for directed verdict. *Anderson*, 477 U.S. at 250. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Id.*; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II.     ANALYSIS

### A. Estoppel Affirmative Defense

Plaintiffs argue they are entitled to summary judgment as to Defendants' estoppel affirmative defense because estoppel "is not available in cases brought pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO")," 18 U.S.C. §§ 1961 et seq. (Court File No. 187, Plaintiff's Memorandum ("Pl.'s Memo"), at 1-2). Plaintiffs further argue even if the defense were available, Defendants have produced no evidence to support that defense. For the first proposition they rely upon federal Anti-Trust law and *South-East Coal Co. v. Consolidation Coal Co.*, 434 F.2d 767, 784 (6th Cir. 1970).

Defendants argue (1) Judge Edgar already ruled the estoppel defense is proper, which constitutes the law of the case; and (2) there are genuine issues of material fact in dispute with regard to each element of the estoppel defense. Defendants rely upon the following facts to support their assertion of this affirmative defense: Tyson has a corporate Code of Conduct that mandates compliance with all federal laws; all employees are required to report any known or suspected violations to Tyson; none of the Plaintiffs ever reported any illegal alien employees to Tyson; and Tyson was justified in relying upon Plaintiffs failure to report illegal alien hiring to conclude its workforce was legal.

The Court finds it necessary to determine at the outset whether Defendant's contention the law of the case has already been established on this issue is accurate. After carefully reviewing Judge Edgar's opinion, the Court does not agree Judge Edgar ruled that estoppel is a valid defense in RICO actions. Judge Edgar merely addressed whether the defense was pleaded in compliance with Fed. R. Civ. P. 8(c). *See* Court File No. 84, Memorandum and Order, at pp. 4-6. Judge Edgar did not consider or discuss the legal issues involved nor did he discuss the factual basis for such a

defense. *Id*. In fact, he specifically stated his "decision d[id] not preclude the parties from filing motions for summary judgment under Fed. R. Civ. P. 56 concerning the estoppel defense once there has been discovery." *Id*. at 6. Because this issue has not been decided by Judge Edgar or by this Court, the Court is not bound by any earlier ruling and will proceed to address the issue.

There is not much case law addressing the availability of estoppel as an affirmative defense in RICO actions. In fact, the Court only found one case where a Plaintiff contended the defense was not available in RICO actions. *See United Power Ass'n., Inc. v. L.K. Comstock & Co.*, No. 3-89 CIV 766, 1992 WL 402906, *7 (D. Minn. October 27, 1992) ("Plaintiffs argue that these equitable defenses [waiver, laches and estoppel] are not available in an antitrust /RICO action").[4] However, there is ample case law agreeing with Plaintiffs' position that estoppel is not available as a defense in private antitrust law suits. *Teletronics Proprietary, Ltd. v. Medtronic, Inc*., 687 F. Supp. 832, 841 (S.D.N.Y. 1988) ("'[I]t is highly unlikely that estoppel can be readily allowed to defeat antitrust claims.'") (quoting *Bernstein v. Universal Pictures, Inc*., 517 F.2d 976, 981 (2d Cir. 1975)); *Am. Motor Inns, Inc. v. Holiday Inns, Inc*., 365 F. Supp. 1073, 1098 (D. N.J. 1973) ("The common law defenses of laches, waiver and estoppel have no application in a federal antitrust action."), *rev'd in part on other grounds by*, 521 F.2d 1230 (3rd Cir. 1975); *South-East Coal Co.*, 434 F.2d at 784 (noting the estoppel defense might be proper in certain negligence and contract cases but there is no evidence Congress intended it to be a defense in antitrust cases); *Int'l Tel. & Tel. Corp. v. Gen. Tel. & Elec. Corp*., 296 F.Supp. 920, 926 (D. Haw. 1969) ("The doctrines of estoppel and waiver do not

---

[4]The Court notes the court in *United Power Association, Inc*. rejected Plaintiff's argument; however, it did not do so on the merits of the plaintiff's argument. Rather, it was because the equitable defenses were so closely intertwined with other issues the court did not feel summary judgment was appropriate.

in general apply in transactions that are forbidden by statute or that are contrary to public policy.") (quoting *Am. Sur. Co. of New York v. Gold*, 375 F.2d 523, 528 (10th Cir. 1966)).

Likewise, there is sufficient case law supporting Plaintiffs' contention Congress closely patterned RICO after the Clayton and Sherman antitrust acts. *See Agency Holding Corp. v. Malley-Duff & Assoc.*, 483 U.S. 143, 150 (1987) (noting "[e]ven a cursory comparison of the two statutes reveals that the civil action provision of RICO was patterned after the Clayton Act."); *Trollinger v. Tyson Foods, Inc.*, 370 F.3d 602, 612 (6th Cir. 2004) (recognizing Congress modeled RICO's civil-suit provision on similar language in the antitrust laws (§ 4 of the Clayton Act and § 7 of the Sherman Act)).

Since RICO was closely modeled after the Clayton Act and the Sherman Act, it logically follows the estoppel defense should be precluded from RICO actions, just as it is precluded from antitrust actions. *Compare Agency Holding Corp.*, 483 U.S. at 152 (holding the 4-year statute of limitations for a Clayton Act action is the most appropriate limitations period for RICO actions due to the similarities in purpose and structure between RICO and the Clayton Act and the clear legislative intent to pattern RICO's civil enforcement provision on the Clayton Act); *Trollinger*, 370 F.3d at 612 (holding because Congress modeled RICO's civil suit provision after antitrust laws and antitrust laws require a private plaintiff show proximate cause in order to have standing to sue, RICO civil claims also require proximate cause). Accordingly, the Court will **GRANT** Plaintiffs' motion for summary judgment as to Defendants' first affirmative defense (estoppel) (Court File No. 186).[5]

### B. Statute of Limitation Affirmative Defense

---

[5]Since the Court finds estoppel is not available as an affirmative defense in RICO actions, there is no need to address whether a genuine issue of material fact exists in this case with respect to such a defense.

Because Defendants concede the statute of limitations affirmative defense is not applicable, the Court will **GRANT** Plaintiffs' motion for summary judgment on this issue (Court File No. 188).

### C. Scope of Employment Affirmative Defense

Plaintiffs allege they are entitled to summary judgment as to the scope of employment affirmative defense because Defendants have produced no evidence to support that defense, and even if there is some evidence to support such a defense, the individual defendants are not entitled to summary judgment because they are liable for their own individual actions. Defendants point to evidence they suggest shows any "wrongdoing was committed by individuals who were acting pursuant to their *own* agendas and for their *own* benefit, and were not acting pursuant to any so-called "Willful Blindness Policy." Def.'s Memo at 6. They also argue to the extent there may have been violations of the law these violations were committed without the knowledge of the corporation and in violation of the corporation's specific instructions to its employee.

Generally, a corporation may be held liable for the criminal acts of its employees and agents done within the scope of their employment with the intent to benefit the corporation. *United States v. Peterson*, Nos. 97-4469, 97-4470, 1999 WL 685917, at *12 (6th Cir. Aug. 23, 1999); *United States v. Carter*, 311 F.2d 934, 941-42 (6th Cir. 1963); *Cont'l Baking Co. v. United States*, 281 F.2d 137, 149 (6th Cir. 1960). This general rule applies to RICO actions. *See Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 379 (6th Cir. 1993) (noting vicarious liability under RICO may be imposed on corporate "persons" on account of the acts of their agents, particularly where the corporation benefitted by those acts).

Based upon the arguments advanced by the parties, the Court is not willing to conclude summary judgment is appropriate as to Tyson's scope of employment affirmative defense. It seems

to the Court the issue of whether the employees' actions benefitted Tyson is fact determinative. At this stage of the litigation the Court must assume all the facts stated by Defendants are true. If all the facts as Defendants have stated them are true, it may be that certain acts committed by Tyson employees and agents were outside the scope of their employment. Accordingly, the Court will **DENY** Plaintiffs' motion for summary judgment as to Tyson on this issue.

Of course, the Court's action on this affirmative defense as to Tyson has no application to any individual defendant's liability or responsibility for their own personal conduct. Defendants appear to argue the individual defendants should not be held liable for the actions of others merely because of their status as officers, employees or agents of Tyson. Defendants' argument is misplaced, however, since Plaintiffs accuse the individual defendants of violating RICO by conspiring to violate RICO and execute the "Illegal Immigrant Hiring Scheme." Complaint at ¶57. Thus, it is clear Plaintiffs are not attempting to hold the individual defendants liable for the acts of others. Rather, Plaintiffs are alleging the individuals defendants themselves committed the violations. Since individual defendants are liable for their own actions regardless of whether they were acting in the scope of employment, Defendants' third affirmative defense is inapplicable to the individual defendants. *See United States v. Wise*, 370 U.S. 405, 416 (1962) (holding "a corporate officer is subject to prosecution under § 1 of the Sherman Act whenever he knowingly participates in [the] . . . conspiracy-be he one who authorizes, orders, or helps perpetrate the crime-regardless of whether he is acting in a representative capacity."); *A & M Records, Inc. v. M.V.C. Distrib. Corp.*, 574 F.2d 312, 315 (6th Cir. 1978) ("[A] corporate officer or agent is personally liable for torts committed by him even though he was acting for the benefit of the corporation."). Thus, the Court will **GRANT** Plaintiffs' motion for summary judgment as to Defendants' third affirmative defense

with respect to the individual defendants (Court File No. 190).[6]

III. **CONCLUSION**

For the reasons stated above, the Court will **GRANT** Plaintiffs' motions for summary judgment as to Defendants first and second affirmative defenses (Court File Nos. 186 & 188). However, the Court will **GRANT IN PART AND DENY IN PART** Plaintiffs' motion for summary judgment as to Defendants' third affirmative defense (Court File No. 190).

An Order shall enter.

/s/
**CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE**

---

[6]The Court notes in responding to Plaintiff's motion, Defendants made reference to the fact Judge Edgar had already held the scope of employment defense was available, and as such, the law of the case had been established on this issue. While it is true Judge Edgar had stated Tyson had a right to defend itself in such a manner, he never stated the individual defendants had such a right. *See* Court File No. 84, Memorandum and Order, at 13. Therefore, there had been no prior determination as to the availability of the defense to the individual defendants, and accordingly, no "law of the case" on this issue.